J. Casper HEIMANN; Jay Dee Heimann, Plaintiffs–Counter–Defendants Appellants,

v.

Ray A. SNEAD; Claire W. Snead; Will Snead; Ray Snead, Jr.; Tom M. Hills; Ann B. Hills, doing business as Alamo Ranch, Defendants–Counter–Claimants Appellees.

No. 96–2266.

United States Court of Appeals, Tenth Circuit.

Jan. 6, 1998.

Paul A. Kastler (Steven L. McConnell, Terrence R. Kamm, Kamm & McConnell, L.L.C., Raton, New Mexico, with him on the brief), of Kastler Law Offices, Ltd., Raton,

New Mexico, for Plaintiffs–Counter–Defendants–Appellants.

Robert O. Beck (Philip B. Davis, Albuquerque, New Mexico, with him on the brief), of Beck & Cooper, Clayton, New Mexico, for Defendants–Counter–Claimants–Appellees.

Before BALDOCK, and HOLLOWAY, Circuit Judges, and BROWN, Senior District Judge.*

## ORDER

PER CURIAM.

The initial issue we must decide in this appeal is jurisdictional: Whether the dismissal without prejudice of Defendants' counterclaims renders the district court's prior decisions disposing of Plaintiffs' complaint on the merits final and appealable under 28 U.S.C. § 1291? We hold that the dismissal without prejudice of Defendants' counterclaims does *not* render the prior decisions disposing of Plaintiffs' complaint on the merits final and appealable under § 1291, and thus remand to the district court so that Plaintiffs may seek the required certification order under Fed.R.Civ.P. 54(b).

## I.

Plaintiffs J. Casper Heimann and Jay Dee Heimann instituted this diversity action under 28 U.S.C. § 1332 in the district court. In a seven-count complaint, Plaintiffs alleged numerous improprieties in connection with the mortgage foreclosure and sale of lands in which they claimed prior rights under lease and sublease. Plaintiffs claim that Defendants, who purchased the land at the foreclosure sale and an accompanying New Mexico State Grazing Lease at an execution sale, have unlawfully infringed upon those rights.

Plaintiffs' state law theories of relief include: Count I-prima facie tort, Count II-interference with contractual relations, Count III-conversion of livestock, Count IV-intentional infliction of emotional distress, Count V-assault, Count VI-ejectment, and Count VII-trespass. Defendants denied Plaintiffs' allegations and counterclaimed under Fed. R.Civ.P. 13, alleging two counts of trespass.[1]

After a hearing, the district court granted Defendants' motion to dismiss Counts II, IV, and VI, under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The court also granted in part Defendant's motion to dismiss Count III on the same basis. Following discovery, the district court granted Defendants' motion for summary judgment on Counts I and V, and the remainder of Count III, under Fed. R.Civ.P. 56(c), leaving only Plaintiffs' and Defendants' trespass claims for trial.

Because Plaintiffs wished to appeal the district court's dismissal and summary judgment orders, the parties submitted a stipulation to the district court in which Plaintiffs agreed to dismiss the only remaining count of their complaint, i.e., Count VII, with prejudice and Defendants agreed to dismiss their counterclaims *without* prejudice. *See* Fed. R.Civ.P. 41. The district court accepted the stipulation, dismissed all remaining claims, and concluded that "the matter is now final and immediately appealable."

Plaintiffs timely filed their notice of appeal. We noted the jurisdictional issue and by order directed the parties to address the same at oral argument. Following oral argument, we entered a second order directing the parties to submit supplemental briefs on the jurisdictional issue in light of our decision in

---

* Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. Plaintiffs filed their complaint on July 19, 1994. As a basis for federal court jurisdiction, Plaintiffs alleged diversity of citizenship between the parties and an amount in controversy in excess of $50,000. Notably, § 205 of the Federal Courts Improvement Act of 1996, 110 Stat. 3847, increases the amount in controversy requirement for diversity jurisdiction from $50,000 to $75,000. Subsection (b) provides that the amendment takes effect 90 days after the enactment of the Act, which was January 17, 1997. The issue of whether the amendment applies retroactively to cases pending before that date, and if so, how that affects the jurisdiction of the district court in the present case is a matter to be resolved by the district court in the first instance. In that connection, the district court may also consider on remand whether amendment to allege the increased jurisidictional amount should be permitted.

*Cook v. Rocky Mountain Bank,* 974 F.2d 147 (10th Cir.1992).

## II.

In *Cook,* the district court dismissed one of Plaintiff's three claims for relief with prejudice. Plaintiff then asked the district court to dismiss her remaining two claims without prejudice, which the district court did. On appeal, Plaintiff argued that we had jurisdiction under 28 U.S.C. § 1291 to review the claim dismissed with prejudice. We disagreed, stating:

> Under 28 U.S.C. § 1291, we have jurisdiction only over final orders of the district court. Although the district court no longer has jurisdiction over any part of this action, we cannot conclude that its two orders render Cook's action final for purposes of appeal. Because her first two claims for relief were dismissed without prejudice, she remains free to file another complaint raising those same claims. In summary, when a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not "final" for purposes of § 1291.

*Cook,* 974 F.2d at 148.

Plaintiffs point out that unlike *Cook* no portion of their complaint remains viable because at their request, the district court dismissed the complaint's only remaining count with prejudice. This is true. But like *Cook,* certain claims remain viable, namely Defendants' counterclaims. Because of Defendants counterclaims, this case necessarily is a multiple claims action. *See TMA Fund, Inc. v. Biever,* 520 F.2d 639, 641 (3d Cir.1975). The district court did not adjudicate Defendants' counterclaims but rather dismissed them without prejudice. Thus, all claims of all parties were not decided on the merits. Because "[a] party generally may not take an appeal under § 1291 until there has been a decision by the district court that ends the litigation on the merits," the district court's orders disposing of Plaintiffs' claims on the merits are not yet final and appealable under 28 U.S.C. § 1291. *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521, 108 S.Ct. 1945,

1948, 100 L.Ed.2d 517 (1988) (internal quotations omitted). Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed. *See Cook,* 974 F.2d at 148.

Whether the claims which remain viable belong to Plaintiffs or Defendants makes little difference when one considers the very purpose of Fed.R.Civ.P. 54(b). Rule 54(b) states in relevant part:

> When more than one claim for relief is presented in an action, *whether as a claim, counterclaim, cross-claim, or third-party claim,* ... the court may direct the entry of a final judgment *as to one or more but fewer than all the claims* ... only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b) (emphasis added). The plain language of Rule 54(b) equates counterclaims with all other claims. Because the district court disposed of Plaintiffs' claims on the merits but dismissed Defendants' counterclaims without prejudice, the court disposed of "fewer than all the claims" on the merits. Thus Rule 54(b), not § 1291, provides Plaintiffs' with the means for appeal in this case.

As the Supreme Court explained in *Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956), this is the exact type of case for which Rule 54(b) was designed. In that case, the district court disposed of all but one claim on the merits. That claim was Defendant's counterclaim which the court "removed ... from the trial calendar" without prejudice. *Id.* at 446, 76 S.Ct. at 905. When Plaintiff appealed, Defendant moved to dismiss arguing that the district court had not made the required Rule 54(b) certification. With the permission of the court of appeals, the district court amended its judgment to add the required certification. The Supreme Court held that the court of appeals had jurisdiction over the appeal if satisfied that the district court had not abused its discretion in certifying the appeal under Rule 54(b).

## III.

Therefore, in accordance with the appropriate procedures outlined in *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645–46 (10th Cir.1988) (en banc), we hereby notify Plaintiffs of the apparent jurisdictional defect in this matter. Plaintiffs have until February 2, 1998, to secure a Rule 54(b) certification from the district court, or an order or judgment explicitly adjudicating all remaining claims. If no certification or final dispositive adjudication is obtained and presented to this appellate court by that date, this case will be dismissed summarily for lack of appellate jurisdiction.

SO ORDERED.

Before ANDERSON, BALDOCK, and HENRY, Circuit Judges.