**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: DUNES HOTEL ASSOCIATES,
<u>Debtor.</u>

DUNES HOTEL ASSOCIATES,
<u>Plaintiff-Appellant,</u>      <u>No. 97-1943</u>

v.

S. C. HYATT CORPORATION; HYATT
CORPORATION,
<u>Defendants-Appellees.</u>

In Re: DUNES HOTEL ASSOCIATES,
<u>Debtor.</u>

DUNES HOTEL ASSOCIATES,
<u>Plaintiff-Appellant,</u>      <u>No. 97-2482</u>

v.

S. C. HYATT CORPORATION; HYATT
CORPORATION,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-96-543-2-18, BK-94-75715-JW, AP-95-8042)

Argued: May 8, 1998

Decided: July 22, 1998

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Joseph Dawson, STREICH LANG, P.A., Phoenix, Arizona, for Appellant. Claude D. Montgomery, PHILLIPS, LYTLE, HITCHCOCK, BLAINE & HUBER, L.L.P., New York, New York, for Appellees. **ON BRIEF:** John R. Clemency, John A. Harris, STREICH LANG, P.A., Phoenix, Arizona; Julio E. Mendoza, Jr., NEXSEN, PRUET, JACOBS & POLLARD, L.L.P., Columbia, South Carolina, for Appellant. Michael M. Beal, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Demonstrating a remarkable persistence, if not an equally remarkable understanding of civil procedure, Dunes Hotel Associates (Dunes) has four times noted an appeal to the Fourth Circuit of the same interlocutory decision. Today we dismiss appeals Nos. 97-1943 and 97-2482.

Dunes owns real estate on Hilton Head Island, South Carolina, which is occupied by an elaborate hotel worth more than $50 million. The hotel has been leased by Dunes to S.C. Hyatt Corporation (Hyatt) for a term renewable until the year 2016. In 1986, Dunes used the real

2

estate as security for a $50 million loan from Aetna Life Insurance Company (Aetna). Of that sum, $23.6 million passed through Dunes to its two partners, who are both corporations wholly owned by General Electric Pension Trust.

When the proceeds of the lease to Hyatt were insufficient to pay the amount owed to Aetna, Dunes filed for Chapter 11 bankruptcy. Dunes initiated an adversary proceeding in which it sought as debtor in possession, see 11 U.S.C. § 1107(a), to avoid the Hyatt lease pursuant to 11 U.S.C. § 544(a), on the basis that the lease had never been formally recorded. Dunes proposed in the alternative to reject the lease under 11 U.S.C. § 365(a), characterizing it as an executory management contract. Unencumbered by the lease, the value of the property would increase dramatically because current market conditions would allow Dunes to obtain a new tenant at a much more favorable rate.

Although Hyatt had not yet filed an answer, but had merely sought 12(b)(6) dismissal, the bankruptcy court granted summary judgment in Hyatt's favor, holding that Dunes could neither avoid nor reject the lease. See Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), 194 B.R. 967 (Bankr. D.S.C. 1995). On appeal, the district court affirmed the bankruptcy court's avoidance decision but reversed the bankruptcy rejection decision and remanded to the bankruptcy court. See Dunes Hotel Assoc. v. Hyatt Corp., No. 2:96-543-18 (D.S.C. July 26, 1996). Dunes appealed to the Fourth Circuit the district court's avoidance decision (No. 96-2251), and Hyatt likewise appealed the rejection remand (No. 96-2283), but we dismissed the appeals as interlocutory because the remanded rejection claim had not yet been finally resolved. See Dunes Hotel Assoc. v. Hyatt Corp., Nos. 96-2251 & 96-2283 (4th Cir. Feb. 5, 1997) (order dismissing appeal and cross-appeal).

Meanwhile, Hyatt filed an Answer in the remanded bankruptcy court adversary proceeding. In that Answer, Hyatt asserted a counterclaim against Dunes, seeking dismissal of the bankruptcy petition itself and damages on the basis that Dunes had proceeded in bad faith.

In adjudicating the remanded rejection claim, the bankruptcy court held that the agreement between Dunes and Hyatt was a real property

3

lease. See Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), 212 B.R. 110 (Bankr. D.S.C. 1997). Dunes noted an appeal of that decision to the district court.

Dunes also filed a motion "requesting relief" from the district court's earlier affirmance of the bankruptcy court's avoidance decision. The district court denied Dunes's motion. See Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), No. 2:96-543-18 (D.S.C. May 1, 1997) (order denying request for relief). Dunes again noted an appeal to the Fourth Circuit (No. 97-1774). At this time the rejection claim was still pending in bankruptcy court and Dunes's appeal of the lease determination was still pending before the district court. For that reason we later dismissed this second appeal as interlocutory. See Dunes Hotel Assoc. v. S.C. Hyatt Corp. (In re Dunes Hotel Assoc.), No. 97-1774 (4th Cir. Dec. 22, 1997) (order dismissing appeal No. 97-1774 and deferring action on later appeals).

Dunes then voluntarily dismissed with prejudice both its rejection claim in the bankruptcy court and its appeal of the lease determination. But the bankruptcy court "preserved for independent adjudication in this adversary proceeding" Hyatt's counterclaim. Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), Ch. 11 Case No. 94-75715, Adv. No. 95-08042 (Bankr. D.S.C. July 9, 1997) (order). Dunes thereafter filed its third appeal to the Fourth Circuit (No. 97-1943), which Hyatt opposes as interlocutory.

On September 26, 1997, the bankruptcy court dismissed Dunes's underlying Chapter 11 petition as having been filed in bad faith. See In re Dunes Hotel Assoc., No. 94-75715 (Bankr. D.S.C. Sept. 26, 1997) (order dismissing petition). This was not an adjudication of the counterclaim, which still remained "preserved" in the adversary proceeding. Rather, the bankruptcy court granted a motion by Hyatt to dismiss the petition, opining, "It is an abuse of bankruptcy for Dunes, a solvent debtor, to use the Bankruptcy Code as a litigation tool to break a profitable lease because that lease is not as profitable as Dunes would like or to assert alleged breaches which have been properly referred to arbitration." Id., slip op. at 39-40. Dunes has appealed that dismissal to the district court, where it remains.

Dunes then filed a fourth notice of appeal from the district court's avoidance decision (No. 97-2482), which Hyatt again opposes as

4

interlocutory. Appeals Nos. 97-1943 and 97-2482 have been consoli-
dated in the present case.

Both appeals are at present interlocutory. Hyatt's counterclaim,
whether it be meritorious or frivolous, has not been disposed of and
remains "preserved for independent adjudication." Typically, an order
that does not dispose of a counterclaim is not a final order. See Fed.
R. Civ. P. 54(b); see also Catlin v. United States, 324 U.S. 229, 233
(1945) (holding that a final order is one that "ends the litigation on
the merits and leaves nothing for the court to do but execute the judg-
ment"). Such is the case even where the counterclaim has been sev-
ered from the disputed claims, so long as it remains viable and
unadjudicated. See Heimann v. Snead, 133 F.3d 767, 769 (10th Cir.
1998) (per curiam).

The dismissal of the underlying petition does not render the district
court's avoidance decision final for purposes of the instant appeal.
The dismissal is presently on appeal before the district court. Should
the dismissal be reversed, the adversary proceeding will continue and
the counterclaim will have to be addressed therein.

Because appeals Nos. 97-1943 and 97-2482 are interlocutory, they
are not appealable to the Court of Appeals, see 28 U.S.C. § 158(d),
unless they have been certified by the district court, see 28 U.S.C.
§ 1292(b); Fed. R. Civ. P. 54(b), or fall within some exception, such
as the collateral order doctrine, see Cohen v. Beneficial Indus. Loan
Corp., 337 U.S. 541, 545-47 (1949), or the provisions of 28 U.S.C.
§ 1292(a). The appeals have not been so certified, and no such excep-
tion is applicable here. Although we might exercise our pragmatic
bankruptcy jurisdiction to hear the two appeals, see Committee of
Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 241 (4th
Cir. 1987) (explaining that "considerations unique to bankruptcy
appeals require that courts consider `finality in a more pragmatic and
less technical way in bankruptcy cases than in other situations'")
(quoting In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985)),
we should not do so because the district court's decision regarding the
dismissal of the underlying bankruptcy petition, and our subsequent
review of that decision, may moot the appeal of the avoidance deci-
sion, see Spacek v. Thomen (In re Universal Farming Indus.), 873
F.2d 1334, 1335 (9th Cir. 1989). This appeal is not yet moot because

5

the dismissal of the petition has been appealed, and the petition may be reinstated. See In re James Wilson Assoc., 965 F.2d 160, 167 (7th Cir. 1992). But the fact that an interlocutory appeal presents a live controversy does not mean that it would be practical or even useful for us to exercise "pragmatic" jurisdiction over that appeal.

We hold that a resolution of the avoidance decision appeal would be premature. Dunes will surely get a chance to present its arguments, but not while a live counterclaim remains unresolved in the adversary proceeding. If the petition is reinstated and the bankruptcy court disposes of the remaining counterclaim, Dunes will then be faced with a final order which it may appeal to the district court and, if there unsuccessful, thereafter to us.

We note further that the dismissal of the bankruptcy petition is a final judgment, and all interlocutory orders merge into that judgment; that is, Dunes in appealing the dismissal may appeal any interlocutory orders that underlie it as well. The dismissal of the bankruptcy petition was in fact based in large part on Dunes's persistent efforts to avoid the lease despite the bankruptcy court's conclusion that it could not do so. If the district court should affirm the dismissal, reaffirming its earlier decision that Dunes could not avoid the lease, then we will address the avoidance decision when the district court's affirmance is appealed to us.

Accordingly, appeals No. 97-1943 and 97-2482 are dismissed as interlocutory. The request for sanctions, however, is denied.

DISMISSED

6